THE NORTHWESTERN SAFE AND TRUST COMPANY, Appellant, *vs.* THE CITY OF CHICAGO *et al.* Appellees.

*Opinion filed October 28, 1910—Rehearing denied Dec. 9, 1910.*

1. PLATS—*plat of School Section addition to Chicago did not vest fee of streets in city.* The plat made by the school ·commissioner of School Section addition to the city of Chicago did not vest the fee of the streets in the city but the city took only an easement, and the owners of abutting property own the fee to the center of the streets, subject to such easement.

2. The principles here involved are fully discussed in the opinions rendered in the cases of *Tacoma Safety Deposit Co.* v. *City of Chicago,* (*ante,* p. 192,) and *Sears* v. *City of Chicago,* (*ante,* p. 204.)

APPEAL from the Circuit Court of Cook county; the Hon. JULIAN W. MACK, Judge, presiding. ·

WILSON, MOORE & MCILVAINE, for appellant.

EDWARD J. BRUNDAGE, Corporation Counsel, and WILLIAM D. BARGE, for appellees.

Per CURIAM: This is one of eight cases brought by different parties in Chicago owning property abutting upon the public streets of said city, to enjoin the enforcement of the provisions of the ordinance set out in *Tacoma Safety Deposit Co.* v. *City of Chicago,* (*ante,* p. 192.) The property here involved is described as lot 2 and the west ten feet of lot 1, block 97, School Section addition to Chicago. It is covered by a ten-story building, and abuts 165 feet on LaSalle street, 60 feet on Adams street and 60 feet on Quincy street.

The part of LaSalle street upon which the property here involved abuts was acquired by the city, by condemnation, in 1858. Adams street is one of the original streets in School Section addition. Quincy street is in School Section addition but was not one of the original streets in said

addition.' It was laid out by plat, in 1854, made by Peter Pruyne and Edward S. Kimberly.' The plat was not certified and acknowledged in the manner required by statute then in force. The circuit court held the city of Chicago owned only an easement in LaSalle and Quincy streets; that the Northwestern Safe and Trust Company owned the fee to the center of said streets subject to the easement of the city, and granted the relief prayed as to those streets. The court held the city of Chicago is the owner of the fee in Adams street opposite the premises of the Northwestern Safe and Trust Company, and denied the relief prayed as to that street. The correctness of this decree as to LaSalle and Quincy streets is sustained by *Tacoma Safety Deposit Co.* v. *City of Chicago, supra,* and *Sears* v. *City of Chicago,* (*ante,* p. 204.) In the case last cited, and also in *Sanitary District* v. *Pittsburg, Ft. Wayne and Chicago Railway Co.* 216 Ill. 575, it was held the plat made by the school commissioner of School Section addition did not vest the fee of the streets in the city; that the city owned only an easement, and the abutting property owners owned the fee to the center of the streets subject to the easement. Adams street being one of the streets platted by the school commissioner in School Section addition, the city has only an easement in the street, the fee, subject to the easement, being in the abutting owners.

The circuit court therefore erred in not sustaining the bill and granting the relief prayed by appellant as to all the streets mentioned, and for that error the decree is reversed and the cause remanded, with directions to sustain the bill as to all three of the streets mentioned and grant the relief prayed.    *Reversed and remanded, with directions.*